## GEORGE W. DITZLER, ET AL., *v.* GEORGE W. SMITHERS, ET AL.

**Mental Capacity of Testator.**

When mental capacity is the issue tried by a jury, and there is much evidence on both sides and a verdict reached, and on a second trial before the judge the same conclusion is reached, the Court of Appeals will not reverse on the weight of the evidence.

**Objection to Deposition.**

It is too late to object to the reading of a deposition when not made until after the trial commenced.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

March 4, 1880.

OPINION BY JUDGE PRYOR: ·

In so far as the proof of the execution of the will in controversy is concerned, it is shown by the testimony of Wilhoit, one of the attesting witnesses, that the paper was attested by himself and Colonel Steele at the same time. The witness, D. M. Rodman, gives, in substance, the testimony of Colonel Steele on the former trial. He is uncertain whether Colonel Steele stated that the devisor made her mark or wrote her name, but he does recollect that Steele stated that he was present and attested the paper in the presence of the devisor and at her instance. This witness gives many of the details of the conversation between Colonel Steele and the devisor as stated by the Colonel on the former trial, and the testimony offered as to the execution of the paper was, in our opinion, all that could have been required. ·

The only question really involved in the case was as to the mental capacity of the devisor at the date of its execution. On that subject many witnesses have testified pro and con, and on this conflict of testimony the jury had passed by their verdict on a former hearing, and when the present trial was had, the judge selected to try the law and facts has rendered a similar judgment, and this court will not disturb it. It is to be presumed that the judge only considered the testimony that was competent and relevant to the issue. He was fully able to make the proper discernment, and strike from his mind all the testimony that had no bearing on the issue presented, or that was otherwise incompetent. The objection to the reading of the deposition of Emma Brown came too late. It was not made until after the trial commenced, and therefore cannot be considered by this court.

If Rodman's testimony, as to the execution of the will, was out of the case we think the proof of its execution was fully established by the other subscribing witness, who says that Steele and himself attested the paper. That the devisor acknowledged the paper to be her will clearly appears, and, the witness having attested it, the presumption necessarily arises that the signature of the devisor was there at the time or had been signed prior to its attestation.

The judgment below must be *affirmed*.

· *F. T. Fox, Jr., P. B. Muir, for appellants.*
*French & Harwood, for appellees.*